**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 22-58-DLB-HAI**

**CHRISTOPHER ESPER**                                                                      **PETITIONER**


**v.**                                   **MEMORANDUM ORDER
ADOPTING RECOMMENDED DISPOSITION**


**JESSIE FERGUSON,**
**Warden, Roederer Correctional Complex**                              **RESPONDENT**

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the Recommended Disposition of United States Magistrate Judge Hanly A. Ingram (Doc. # 19), wherein he recommends that the Court deny Petitioner Christopher Esper's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254.  (Doc. # 1).  Petitioner having filed Objections (Doc. # 20), and the Respondent having filed a Response (Doc. # 21), the Recommended Disposition is ripe for the Court's consideration.  For the following reasons, Defendant's Objections to the Recommended Disposition are **overruled**, the Recommended Disposition is **adopted** as the opinion of the Court, and the § 2254 Petition is **dismissed with prejudice**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This is a habeas action arising from Christopher Esper's 2016 conviction of rape by a jury in Kenton County, Kentucky.  The facts of this case were recounted in all their lurid detail by the Kentucky Supreme Court in its unpublished opinion affirming Esper's conviction.  *Esper v. Commonwealth ("Esper I")*, No. 1026-SC-366-MR, 2018 WL 898215 (Ky. Feb. 15, 2018).  The Recommended Disposition (Doc. # 19) relied on this factual

account, and Esper did not object to the facts in his Objections (Doc. # 20).  Thus, this Court will only relate the most basic narrative necessary to understand the context of Esper's § 2254 Petition.

The jury found Esper guilty of first-degree rape of a victim under the age of 12. *Esper I*, 2018 WL 898215, at *1-2.  He was arrested following an investigation by the Kentucky Cabinet for Health and Family Services when his six-year-old niece tested positive for gonorrhea, and after every male member of her household was tested, Esper also tested positive.  *Id*.  During the police investigation, Esper was interrogated and signed a *Miranda* waiver form before writing an apology letter to his niece confessing to the crime.  *Id*.  Before trial, Esper filed a motion to suppress the interrogation, arguing that he was not properly advised of his *Miranda* rights, and any waiver was not voluntary.  *Id.* The trial court denied the motion, finding that he was properly advised of his *Miranda* rights, waived them, and was not unduly coerced by the detective conducting the interrogation.  *Id*.

After his conviction, Esper appealed to the Kentucky Supreme Court, which affirmed his conviction in February 2018.  *Id.* at *13.  He did not file a petition for writ of certiorari with the United States Supreme Court, but he did pursue a state habeas petition under Kentucky Criminal Rule 11.42 ("RCr 11.42 Petition").  (Doc. # 19 at 3).  His RCr 11.42 Petition was denied by the trial court and Esper appealed to the Kentucky Court of Appeals.  *See Esper v. Commonwealth ("Esper II")*, No. 20190CA0937-MR, 2021 WL 4234166 (Ky. Ct. App. Sept. 17, 2021).  Esper attempted to appeal to the Kentucky Supreme Court, but the Kentucky Supreme Court denied discretionary review in April 2022.  (Doc. # 19 at 3).  Esper filed the instant Petition on May 4, 2022.  (*Id.*).

## II.    REPORT AND RECOMMENDATION

In his Petition, Esper raised five grounds for relief: (1) the Kentucky Supreme Court holding was contrary to and involved an unreasonable application of law when it found that the trial court did not abuse its discretion in denying Esper's motion to continue the trial in violation of *United States v. Cronic*; (2) the Kentucky Court of Appeals holding was contrary to and involved an unreasonable application of law when it denied his ineffective assistance of counsel claim against his appellate counsel's *Miranda* arguments in his RCr 11.42 Petition; (3) the Kentucky Supreme Court holding was contrary to and involved an unreasonable application of law when it found that the trial court did not abuse its discretion in admitting the entirety of Esper's confession letter; (4) the Kentucky Court of Appeals holding was contrary to and involved an unreasonable application of law by holding that trial counsel was not ineffective for failing to present expert testimony; and (5) appellate counsel was ineffective for not arguing cumulative error to the Kentucky Supreme Court.  (Doc. # 1).

Magistrate Judge Ingram first laid out the appropriate standards for evaluating a § 2254 Petition.  Federal court review of a state court's judgment is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which closely limits federal courts' scope of review.  (Doc. # 19 at 4).  Essentially, federal courts may only review state court decisions made on the merits and may only grant relief from those decisions if the state court decision unreasonably applied or acted contrary to clearly established federal law or was based on an unreasonable determination of the facts based on what was known at the time.  (*Id.*); *see also* 28 U.S.C. § 2254(d)(1)-(2).  Thus,

for a federal court to review his claims, Esper must establish that the Kenton Circuit Court's rulings and the associated appellate decisions were "contrary" to United States Supreme Court precedent or based on an "unreasonable" application of that law.  28 U.S.C. § 2254(d)(1).  A state court adjudication is contrary to federal law when that decision is opposite to that reached by the United States Supreme Court, and the adjudication involves an unreasonable application of federal law when the ruling "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

This requires Esper to prove not just that the state courts *could* have ruled a different way, but that they *must* have done so.  *Id*. at 411.  This Court's opinion on the merits of the case is irrelevant.  *See Burt v. Titlow*, 571 U.S. 12, 18 (2013).  The state court's factual determinations "are presumed correct absent clear and convincing evidence to the contrary."  28 U.S.C. § 2254(e)(1).  As stated by Magistrate Judge Ingram, the question for the Court is "not merely whether the Kentucky courts were incorrect, but whether they were so wrong that their treatment of the law and facts was 'unreasonable' under these deferential standards."  (Doc. # 19 at 5).

### A.    Ineffective Assistance of Counsel

Next, Magistrate Judge Ingram discussed the standard for reviewing ineffective assistance of counsel claims.  (*Id*.).  To prove ineffective assistance of counsel, Esper must show (1) deficient performance by his counsel that (2) resulted in prejudice to his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  When evaluating counsel's performance, this Court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance."  *Id.*  Esper must show

that his counsel's errors were so serious that they were essentially "not functioning as the counsel guaranteed by the Sixth Amendment." *Id.* Then, Esper must show that given this deficiency, there was a substantial likelihood that the result of his trial would have been different. *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

When *Strickland* is applied on § 2254 review, the federal courts owe a kind of "double deference" to the state court's decision. (Doc. # 19 at 6). Essentially, this Court does not review counsel's performance *de novo*, but instead reviews the state court's opinion of counsel's performance for reasonableness. (*Id.*). The standards of AEDPA apply, and this Court will only overturn the state court decision if it unreasonably applied clearly established federal law. *See* 28 U.S.C. § 2254(d)(1)-(2). Magistrate Judge Ingram found that the Kentucky Court of Appeals "accurately described the *Strickland* standard and accurately allocated the burden to Esper when it analyzed and denied his ineffective assistance of counsel claims." (Doc. # 19 at 6) (referencing *Esper II*, 2021 WL 4234166, at *2).

### B.    Ground 1 – Motion to Continue Trial

Next, Magistrate Judge Ingram evaluated Esper's first ground, that the Kentucky Supreme Court holding was contrary to and involved an unreasonable application of law when it found that the trial court did not abuse discretion in denying Esper's motion to continue the trial in a violation of *United States v. Cronic*. (Doc. # 19 at 7). On Esper's direct appeal, he argued that the trial court erred in denying the motion and the Kentucky Supreme Court rejected that argument. (*Id.*) (citing *Esper I*, 2018 WL 898215, at *3-4). Esper also raised in his RCr 11.42 Petition that his counsel was ineffective for failing to investigate his case and properly prepare. *Esper II*, 2021 WL 4234166, at *1. Magistrate

Judge Ingram concluded here that because Esper did not raise that it was a *Cronic* error in either of these instances, his claim is procedurally defaulted.

Esper cannot raise claims that he did not already raise in state court.  Put another way, when a petitioner fails to properly raise a claim in state court or fails to pursue it through the state's ordinary appellate review process, that claim is procedurally defaulted. *See Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015).  In § 2254 petitions, the federal court will decline to address a claim when the "petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule."  *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) (citation omitted).

Under this standard, Magistrate Judge Ingram found that Esper procedurally defaulted on his *Cronic* claim by not raising it before the Kentucky Supreme Court on direct appeal or the Kentucky Court of Appeals on his RCr 11.42 Petition.  (Doc. # 19 at 7).  He noted that a petitioner can overcome procedural default by showing "cause or prejudice" for failing to exhaust the claim, but found that Esper failed to provide either. (*Id.* at 7-8) (quoting *Williams*, 792 F.3d at 613).  Magistrate Judge Ingram noted that the Respondent made this argument in its Response, but Esper failed to file a Reply.  (*Id.* at 8).  Finding this ground was procedurally defaulted, Magistrate Judge Ingram concluded that the Court cannot grant relief on this ground.  (*Id.*).

### C.    Ground 2 - IAC on Suppression of Statements

On direct appeal, Esper argued that the trial court erred in denying his pretrial motion to suppress his recorded interrogation.  The Kentucky Supreme Court rejected this argument and held that the interrogation was properly admitted.  *Esper I*, 2018 WL

898215, at *4-5.  In his RCr 11.42 Petition, Esper argued that he received ineffective assistance of appellate counsel because his counsel argued this point poorly on appeal. *Esper II*, 2021 WL 4234166, at *3.  The Kentucky Court of Appeals rejected his claim of ineffective assistance of appellate counsel, and he raises it again here, arguing that his counsel should have argued that the statements were a violation of *Miranda* instead of arguing that they were voluntarily coerced.  (Doc. # 1).

Addressing this ground, Magistrate Judge Ingram found that the original motion to dismiss before the trial court argued that the interrogation violated *Miranda*, and the Kentucky Supreme Court considered the very issue that Esper now claims his attorney should have argued instead.  (Doc. # 19 at 9) (quoting *Esper I*, 2018 WL 898215, at *2)).  Magistrate Judge Ingram found that because the Kentucky Supreme Court considered the very issue that Esper wanted raised, there could be no prejudice.  (*Id.*).  He also considered the ineffective assistance claim on the merits, noting that an attorney does not provide deficient performance required to prove ineffective assistance of counsel by merely not arguing what the defendant wishes to argue.  (*Id.* at 10) ("[T]o demonstrate deficient performance, Esper must show that the issues he raises are 'clearly stronger' than the ones his appellate counsel raised.") (quoting *Hutton v. Mitchell*, 839 F.3d 486, 501 (6th Cir. 2016)).  Magistrate Judge Ingram concluded that Esper was not entitled to relief on this ground.

### D.    Ground Three – Suppression of the Apology Letter

In his third ground for relief, Esper argues that because his *Miranda* rights were violated, the apology letter he wrote following the interrogation was "fruit of the poisonous tree" and should not have been admitted.  (Doc. # 19 at 11).  He argues that the trial court

should not have admitted the evidence and that his appellate counsel was ineffective for failing to make the argument on appeal.  (*Id.*).  Magistrate Judge Ingram initially found that because the Kentucky Supreme Court did not erroneously find that Esper's *Miranda* rights were violated, the letter could not be "fruit of the poisonous tree."  (*Id.*).  Magistrate Judge Ingram declined to evaluate whether the interrogation violated Esper's *Miranda* rights, because the standard for a § 2254 Petition is whether there was an unreasonable application of federal law or unreasonable assessment of the facts by the Kentucky Supreme Court on this record.  (*Id.* at 11-12).

With respect to ineffective assistance of appellate counsel, Magistrate Judge Ingram noted that Esper's counsel actually raised the argument on appeal.  (*Id.* at 12). He quoted Esper's brief which stated, "If this Court rules that Chris' statement should have been suppressed, then the entire letter Chris wrote at the end of his statement would also be suppressed as a fruit of the invalid confession."  (*Id.*) (quoting Doc. # 17-2 at 39 n.109). Because the very argument was raised on appeal, Magistrate Judge Ingram found that Esper's counsel could not have been ineffective for not raising it.  (*Id.*).  He further stated that the argument failed on the merits because Esper did not show deficient performance of appellate counsel or prejudice, thus the Kentucky courts made no unreasonable application of federal law or unreasonable determination of fact on this issue.  (*Id.*).  He concluded that for these reasons, Esper was not entitled to relief on this ground.  (*Id.*).

### E.    Ground Four – Expert Testimony

In his fourth ground for relief, Esper argues that his trial counsel was ineffective for failing to present expert testimony regarding the victim's gonorrhea testing and treatment. (*Id.*).  Esper's brief to the Kentucky Court of Appeals on his RCr 11.42 Petition stated that

his counsel was ineffective for failing to request a *Daubert* hearing regarding the gonorrhea testing the victim received, and whether the drug Keflex could have treated it. (*Id.*) (quoting *Esper II*, 2021 WL 4234166, at *3).  Magistrate Judge Ingram quoted the Kentucky Court of Appeals decision, which noted that his trial counsel did file several pre-trial motions, including a *Daubert* motion and several motions in limine that challenged the sufficiency of the tests used and the expert testifying to them.  (*Id.*).  Magistrate Judge Ingram noted that because "trial counsel did what Esper now alleges had not been done," the Kentucky Court of Appeals declining to find ineffective assistance of counsel did not involve an unreasonable application of federal law or unreasonable assessment of the facts. (*Id.* at 12).

With respect to the Keflex, Magistrate Judge Ingram noted that the Kentucky Court of Appeals dismissed this argument because whether Keflex was an effective treatment for gonorrhea was not at issue in his case.  (*Id.*) (quoting *Esper II*, 2021 WL 4234166, at *4).  Further, even if it was, the court noted that the overwhelming amount of evidence against Esper, including his own confession, meant that he would not have been prejudiced by his attorney failing to present this argument.  (*Id.*).  In reviewing this holding, Magistrate Judge Ingram found that the Kentucky Court of Appeals did not rely on an unreasonable application of federal law or unreasonable determination of fact on this issue, and he ultimately concluded that Esper was not entitled to relief on this ground. (*Id.* at 13).

### F.    Ground Five – Cumulative Error

In his final ground for relief, Esper argues that he suffered cumulative error in his trial court proceedings, and he received ineffective assistance of appellate counsel when

his attorney failed to argue cumulative error on direct appeal.  (*Id.*).  Esper acknowledged that this claim was procedurally defaulted.  (*Id.*).  Magistrate Judge Ingram found that even if the claim was not procedurally defaulted, claims of cumulative error are not cognizable in § 2254 Petitions.  (*Id.*).  He noted that under § 2254(d)(1), it is only clearly established federal law, *as determined by the Supreme Court*, that can provide a basis for habeas relief.  (*Id.*).  He noted that the Sixth Circuit has held that "cumulative error" is not cognizable as a separate ground of relief because the Supreme Court has not spoken on the issue.  (*Id.*) (quoting *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006)). Magistrate Judge Ingram further reasoned that that even if Esper's procedurally defaulted claim were cognizable in a § 2254 Petition, it would still fail on the merits because Esper did not raise any error of a constitutional magnitude on his prior four grounds.  (*Id.*). Magistrate Judge Ingram concluded that Esper was not entitled to relief on this ground.

### G.   Certificate of Appealability

In addition to recommending the denial of each of Esper's grounds for relief, Magistrate Judge Ingram concluded that no reasonable juror would dispute that that the Kentucky courts rendered "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  (*Id.* at 14) (quoting 28 U.S.C. § 2254(d)(1)).  He concluded that Esper's claims were "insufficiently viable to deserve encouragement to proceed further." (*Id.*).   Thus, Magistrate Judge Ingram recommended the denial of a certificate of appealability for Esper's § 2254 Petition.  (*Id.*).

III.    **ANALYSIS**

A.    **Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion."   Under Federal Rule of Criminal Procedure 59(b)(1), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations."   The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation."   Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).   Failure to object is considered waiver of the party's right to review.   Fed. R. Crim. P. 59(b)(2).

Objections to a magistrate judge's recommended disposition must be "specific written objections to the proposed findings and recommendations."   *Id.*   This necessitates that "vague, general, or conclusory objections," will not be considered and are "tantamount to a complete failure to object."   *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).   Further, an objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."   *United States v. Shephard*, No. 5:09-cr-81-DLB-EBA, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s]

problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alteration in original) (quoting *Smith v. Chater*, 121 F.3d 709 (6th Cir. 1997) (unpublished table decision)).

### B.    Defendant Esper's Objections

Esper raises three objections to Magistrate Judge Ingram's Recommended Disposition. (*See* Doc. # 20). First, he objects to Magistrate Judge Ingram's conclusion that his *Chronic* claim was procedurally defaulted. (*Id.* at 2). He argues that though he did not cite to *Chronic* in his RCr 11.42 Petition, this claim was still considered under similar state law principles, and it was an error for Magistrate Judge Ingram to find it procedurally defaulted. (*Id.* at 3). He essentially argues that because his prior claims were close enough to a *Chronic* argument, his claim should have been considered on the merits. (*Id.* at 4).

The Court looks to the issues raised in Esper's direct appeal and RCr 11.42 Petition to determine if he truly procedurally defaulted his *Chronic* claim. In *Esper I*, Esper raised that the trial court erred in denying his defense counsel's motion for a continuance. *Esper I*, 2018 WL 898215, at *3. The Kentucky Supreme Court ultimately affirmed the trial court, weighing the appropriate factors and concluding that the trial court had broad discretion to overrule the motion for continuance. *Id.* at *4 ("Despite claims of exhaustion and unpreparedness on the part of Esper's counsel, the record shows that defense counsel actively participated throughout the trial . . . Moreover, Esper has shown no identifiable prejudice resulting from the denial of his request for a continuance."). In his RCr 11.42 Petition, Esper alleged his counsel was ineffective for failing to investigate his case and properly prepare. *See Esper II*, 2021 WL 4234166, at *1. The Kentucky Court

of Appeals found that based on the record, his counsel was adequately prepared for his trial, and even if his counsel was not, Esper could not identify any prejudice.  *Id.* at *3.

Here, Esper's first ground for relief states, "The Kentucky Supreme Courts holding that the trial court did not abuse its discretion in denying Petitioner's motion to continue the trial date was contrary to and involved an unreasonable application of the United States Supreme Court holding in *United States v. Chronic*, 466 U.S. 648 (1984)."  (Doc. # 1-1 at 13).  He argues that the court's decision resulted in structural ineffectiveness of counsel, meaning that by denying the motion to continue, the court was essentially responsible for his ineffective assistance of counsel.  (*Id.*).  This issue is close to what the state courts have previously considered, but whether Esper suffered structural ineffective assistance of counsel is a different issue than whether the trial court abused its direction in denying the motion, or whether his counsel was ineffective for lack of preparation. Thus, Magistrate Judge Ingram did not err in concluding that the state courts did not have an opportunity to address this claim and finding that this ground had been procedurally defaulted.  Esper could have proceeded with a procedurally defaulted claim if he demonstrated cause or prejudice for the failure to raise it, but as Magistrate Judge Ingram noted, Esper did no such thing.  (Doc. # 19 at 7-8).  Magistrate Judge Ingram also noted that the Respondent raised this issue in his Response, and Esper chose not to file a reply. (*Id.* at 8).  Esper gives the Court no reason to reject Magistrate Judge Ingram's recommendation that Esper is not entitled to relief on this ground.  Thus, Esper's first Objection is **overruled**.

In his second Objection, Esper argues that Magistrate Judge Ingram erred by not considering whether the confession letter violated *Miranda*.  (*Id.* at 6).  With this Objection,

Esper clearly disagrees with the standard under which this Court can consider his claims. However, that does not change the result.  As Magistrate Judge Ingram noted, this Court is tasked with determining "not merely whether the Kentucky courts were incorrect, but whether they were so wrong that their treatment of the law and facts was 'unreasonable' under these deferential standards." (Doc. # 19 at 5).  Thus, it would have been improper for Magistrate Judge Ingram to review Esper's *Miranda* claims *de novo*, as he requests. (*See* Doc. # 20 at 6).  Esper may not like the result, but Magistrate Judge Ingram concluded that the Kentucky courts made no unreasonable application of federal law or unreasonable determination of fact on this issue, and Esper points to nothing in his Objection that would disturb that result.

As stated above, an objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection.'" *Shephard*, 2016 WL 9115464, at *1.  Restating arguments that were already addressed by Magistrate Judge Ingram in the Recommended Disposition is exactly the kind of non-objection contemplated by *Shephard*.  It subverts the purpose of a Recommended Disposition to re-litigate every point raised in the extensive previous filings.  Therefore, this is not actually an objection as contemplated by Federal Rule of Criminal Procedure 59, and the Recommended Disposition stands unchallenged on this issue.  Esper's second Objection is **overruled**.

In his last Objection, Esper argues that Magistrate Judge Ingram erred by concluding that there was no unreasonable application of federal law by the Kentucky Court of Appeals when it declined to find ineffective assistance of trial counsel regarding expert testimony on the victim's gonorrhea testing and treatment.  (*Id.* at 7).  Esper argues

that even though his counsel presented these arguments to the state court, the trial court's decision to reject his testimony rendered his counsel's assistance ineffective and created "assumed prejudice." (*Id.* at 8). But this is not what Esper argued in his original Petition. His original Petition explicitly states that his trial counsel was ineffective for failing to raise the issue. (Doc. # 1-1 at 40) ("Trial counsel failing to present expert testimony . . . constituted constitutionally deficient assistance of counsel that fell below that required by the Sixth Amendment to the United States Constitution."). His Petition makes no mention of the trial court being the reason his counsel was ineffective, and solely lays the blame on his counsel. (*Id.*). His attempt to repackage his argument here is not persuasive, and it is certainly not a failure of Magistrate Judge Ingram to not construe his argument as such. Magistrate Judge Ingram rejected these arguments because Esper's counsel did raise the expert testimony issues with the courts, and the overwhelming evidence against Esper meant that no prejudice would result. (Doc. # 19 at 12-13).

Even considering Esper's new argument that the trial court's denial of these motions constituted structural ineffective of counsel, the argument is unsuccessful because Esper did not receive ineffective assistance of counsel just because his counsel did not prevail on an arguable motion. *See Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009) (holding that a defendant does not receive ineffective assistance of counsel by failing to prevail when arguing a debatable point to the court). Esper provides nothing in his Objection that disturbs Magistrate Judge Ingram's conclusion that the Kentucky courts made no unreasonable application of federal law or unreasonable determination of fact on this issue. Thus, Esper's third Objection is **overruled**.

## IV.    CONCLUSION

Petitioner has failed to raise any meritorious objections to Judge Ingram's Recommended Disposition recommending that this Court deny Christoper Esper's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Accordingly,

**IT IS ORDERED** that:

(1)    The Magistrate Judge's Recommended Disposition (Doc. # 19) is **ADOPTED** as the opinion of the Court;

(2)    Petitioner's Objections (Doc. # 20) to the Recommended Disposition are **OVERRULED**;

(3)    Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. # 1) is **DISMISSED WITH PREJUDICE**;

(4)    The Court finds no merit for an appeal in this matter, therefore a certificate of appealability **SHALL NOT ISSUE**; and

(5)    A separate Judgment **shall be filed** concurrently herewith.

This 4th day of January, 2024.



Signed By:

*David L. Bunning*

**United States District Judge**

K:\DATA\ORDERS\Cov2022\22-58 Order Adopting RR 2254.docx